# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RAINBOW ENERGY MARKETING CORPORATION,** *Plaintiff/Counter-Defendant* | § § § § § § § | **Case No. 1:21-cv-313-RP** |
| v. | | |
| **DC TRANSCO, LLC,** *Defendant/Counter-Plaintiff* | | |

## ORDER

Before the Court are Plaintiff Rainbow Energy Marketing Corporation's Opposed Motion to Compel Discovery Responses, filed July 12, 2022 (Dkt. 89) (sealed); Plaintiff Rainbow Marketing Corporation's Unopposed Motion for Leave to Exceed Page-Limit, filed July 15, 2022 (Dkt. 90); and DC Transco LLC's Unopposed Motion for Leave for Extra Pages in Response to Rainbow's Motion to Compel, filed July 15, 2022 (Dkt. 91). The District Court referred the Motions to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I.   Analysis

Plaintiff Rainbow Energy Marketing Corporation ("Rainbow") asks the Court to compel Defendant DC Transco, LLC ("DCT") to respond to several of Rainbow's interrogatories and requests for production pursuant to Federal Rule of Civil Procedure 37. DCT opposes the Motion.

Rule 37(a)(1) requires a party moving to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). Under Local Rule CV-7(g), "[t]he court may refuse to hear or may deny a nondispositive motion

unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made."

It is apparent that the parties failed to meet and confer in a good-faith effort to resolve this discovery dispute without the Court's intervention, as required by Local Rule CV-7(g). Rainbow's counsel states that she conferred with DCT's counsel on May 31, 2022, but: "Over a month has passed with no further word from DCT." Dkt. 89 at 12. The Certificate of Conference is similarly unpersuasive, stating merely that counsel conferred on July 8, 2022, and counsel for DCT "indicated that he is opposed to this motion." *Id.* at 14.

These statements fall far short of demonstrating that Rainbow made a "good-faith" effort to confer with opposing counsel and resolve the discovery dispute before filing the motion. Courts in the Western District of Texas have found that failure to confer in good faith is grounds for dismissal of the motion, as filing discovery motions should be a "recourse of last resort." *Arellanez v. Morales*, No. EP-19-CV-187-KC-MAT, 2022 WL 347615, at *2 (W.D. Tex. Feb. 4, 2022).

"'Good faith' requires a genuine attempt to resolve the dispute and 'conferment' requires two-way communication which is necessary to genuinely discuss any issues and to avoid judicial recourse." *Patel v. Shipper Servs. Express*, No. 5:20-CV-00267-OLG, 2020 WL 10056291, at *1 (W.D. Tex. Oct. 19, 2020). Parties "do not satisfy the conference requirements simply by requesting or demanding compliance, because the parties need to confer, deliberate, converse, or compare views with a goal of resolving the dispute." *Id.* If an agreement cannot be reached despite a movant's good-faith efforts, certification under Local Rule CV-7(g) requires a *detailed* description of the attempts made to resolve the dispute and the specific reasons why the parties

could not reach an agreement. *Id.*; *Paulk v. Fries*, No. SA-12-CV-1001-FB, 2013 WL 12129935, at *3 (W.D. Tex. Apr. 9, 2013).

The Court notes that Rainbow argued DCT failed to comply with Rule CV-7(g) before filing its own motion to compel on May 10, 2022. Dkt. 80 at 1, 4-5. Although the undersigned Magistrate Judge found compliance sufficient as to the earlier motion, Dkt. 82 at 8, counsel for **both** parties are strongly admonished of their obligation to attempt to resolve such issues promptly and amicably. *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007); *see also, e.g.*, Rule 1 (stating that rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Accordingly, the Motion to Compel (Dkt. 89) is **DISMISSED WITHOUT PREJUDICE** to refiling if disagreements remain following full compliance with Local Rule CV-7(g). It is **FURTHER ORDERED** that Rainbow's Unopposed Motion for Leave to Exceed Page-Limit (Dkt. 90) and DC Transco's Unopposed Motion for Leave for Extra Pages in Response to Rainbow's Motion to Compel (Dkt. 91) are **DISMISSED as MOOT**.

It is further **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on July 18, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE