UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RAINBOW ENERGY MARKETING CORPORATION,**  *Plaintiff/Counter-Defendant*  <br><br>v.<br><br>**DC TRANSCO, LLC,**  *Defendant/Counter-Plaintiff* | § § § § § § § § | Case No. 1:21-cv-313-RP |

## ORDER

Before the Court are Plaintiff Rainbow Energy Marketing Corporation's Renewed Opposed Motion to Compel Discovery Responses, filed September 19, 2022 (Dkt. 104); DC Transco's Response to Rainbow's Renewed Motion to Compel Discovery Responses, filed September 28, 2022 (Dkt. 113); and Plaintiff Rainbow Energy Marketing Corporation's Reply in Support of Its Renewed Motion to Compel, filed October 7, 2022 (Dkt. 123). By Text Order entered September 20, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I. Analysis

Plaintiff Rainbow Energy Marketing Corporation ("Rainbow") asks the Court to compel Defendant DC Transco, LLC ("DCT") to respond to several of Rainbow's interrogatories and requests for production pursuant to Federal Rule of Civil Procedure 37. DCT opposes the Motion.

Local Rule CV-16(e) provides, in pertinent part: "Absent exceptional circumstances, no motions relating to discovery . . . shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline **and pertain to conduct occurring**

1

**during the final 7 days of discovery**." (emphasis added). By Text Order entered September 9, 2022, the Court granted the parties' joint motion to extend the discovery deadline until September 17, 2022. Because it was filed September 19, 2022, Rainbow's Motion satisfies the first requirement of Local Rule CV-16(e). But it does not satisfy the second.

Rainbow's Motion concerns discovery responses DCT served August 30, 2021 (First Request for Production, Dkt. 104-5) and October 14, 2021 (Second Set of Interrogatories and Second Requests for Production, Dkts. 104-4, 104-7). Obviously, the most recent of these responses were served nearly a full year ago. Rainbow's Motion therefore does not "pertain to conduct occurring during the final 7 days of discovery," as required by the Rule. *See, e.g.*, *Bob Daemmrich Photography, Inc. v. Scholastic, Inc.*, No. 1:15-CV-1150-RP, 2018 WL 6265026, at *1 (W.D. Tex. Sept. 12, 2018) (denying as untimely motion to compel where conduct at issue occurred "well before the last seven days of the discovery period").

The rationale for this restriction is clear: The seven-day rule prevents parties from seeking late court intervention in matters that could have been resolved during the discovery period.

> The purpose behind both of these requirements is to allow parties the flexibility to conduct discovery past the discovery deadline if they wish to do so, but the price of doing so is that the parties severely limit their ability to have the Court resolve disputes that might arise during late discovery. This is to prevent the very situation that exists here: the Court being required to spend significant time resolving discovery disputes when instead it should be devoting attention to dispositive motions and pretrial matters. Further, in the event late-filed discovery motions lead to the Court ordering additional discovery, that could delay the trial date.

*UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. A-17-CA-365-LY, 2018 WL 4627668, at *3 (W.D. Tex. Sept. 26, 2018). Indeed, Rainbow's motion was filed less than a week before the September 25, 2022 dispositive motions deadline; each party has filed a motion for partial summary judgment, and trial is set for January 23, 2023. Dkts. 85, 110, 114.

Rainbow's Motion does not pertain to conduct occurring during the final 7 days of discovery, and Rainbow has neither argued nor shown that exceptional circumstances exist. Therefore, Plaintiff Rainbow Energy Marketing Corporation's Renewed Opposed Motion to Compel Discovery Responses (Dkt. 104) is **DENIED** as untimely pursuant to Local Rule CV-16(e).

It is further **ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on October 12, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE