IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAINBOW ENERGY MARKETING CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:21-CV-313-RP |
| DC TRANSCO, LLC, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiff Rainbow Energy Marketing's ("Rainbow") appeal of United States Magistrate Judge Susan Hightower's Order Denying Its Renewed Motion to Compel Discovery Responses, (Dkt. 131). (Appeal, Dkt. 137).[1] In her order, Judge Hightower denied Rainbow's Motion to Compel as untimely. (Order, Dkt. 131). Rainbow filed its appeal on October 24, 2022. (Appeal, Dkt. 137). Defendant DC Transco, LLC ("DC Transco"), filed a response on November 1, 2022. After considering Rainbow's appeal and the related briefing, the Court will affirm Judge Hightower's decision.

## I. BACKGROUND

On September 14, 2022, after an initial pre-trial conference, this Court entered a scheduling order on this case setting the discovery deadline as May 5, 2022. (Dkt. 50). On February 11, 2022, the parties jointly moved to amend the scheduling order. (Dkt. 71). The Court granted the motion on February 15, 2022 and extended the discovery deadline to July 5, 2022. (Dkt. 72). On June 28, 2022, the parties filed a joint motion to Continue Trial Setting and Scheduling Order Deadlines,

---

[1] Rainbow captions its filing as "Objections to Denial of Its Renewed Motion to Compel." (Dkt. 137, at 1). Because the Court is reviewing Judge Hightower's order denying Rainbow's motion to compel, (Dkt. 131), the Court construes Rainbow's motion as an appeal of Judge Hightower's order.

1

(Dkt. 83), The Court granted the motion on July 6, 2022, and extended the discovery deadline to September 5, 2022. (Dkt. 85).

On July 12, 2022, Rainbow filed a Motion to Compel Discovery under seal, (Mot. Comp., Dkt. 89), which the Court referred to United States Magistrate Judge Susan Hightower by Text Order on July 13. After considering the motion and all relevant briefing, Judge Hightower dismissed the motion without prejudice for failure to meet and confer in a good-faith effort to resolve the discovery dispute without the Court's intervention, as required by Local Rule CV-7(g). (Dkt. 94, at 2). Rainbow alleges that it continued discussing the discovery issues with DC Transco's counsel, (Objs. Dkt. 94, Dkt. 137, at 4), but DC Transco alleges that Rainbow waited a month after this dismissal "to seek a conference and suggest resolving its discovery complaints." (Resp. Dkt. 137, Dkt. 142, at 1–2).

On September 6, 2022, the day after discovery closed, Rainbow filed a motion to extend the deadline to complete discovery to September 17, 2022. (Dkt. 100). Rainbow's counsel styled this motion as an "agreed motion," but stated in its certificate of conference that she was "unable to confer specifically regarding the motion." (*Id.*, at 3). By Text Order entered September 9, 2022, this Court granted the motion and extended the discovery deadline until September 17, 2022. On September 17, the last day of the extended discovery, Rainbow filed its Motion to File its Renewed Motion to Compel Under Seal. (Dkt. 104). The Court granted Rainbow's motion by Text Order, and the Clerk of Court filed the motion under seal on September 19, 2022. Like its original motion to compel, Rainbow's Renewed Motion concerns discovery responses DC Transco served August 30, 2021, and October 14, 2021. (Ren. Mot. Order, Dkt. 131, at 2). In its renewed motion, Rainbow alleges it is entitled to "meaningful responses" to certain written discovery requests, beyond what DC Transco has already provided. (Objs., Dkt. 137).

## II. LEGAL STANDARD

A district judge may reconsider any pretrial matter determined by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). District courts apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling under the referral authority of that statute. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The clearly erroneous or contrary to law standard of review is "highly deferential" and requires the court to affirm the decision of the magistrate judge unless, based on the entire evidence, the court reaches "a definite and firm conviction that a mistake has been committed." *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Id.* (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)).

## III. DISCUSSION

Because Rainbow timely appealed Judge Hightower's order, the Court reviews Judge Hightower's order for clear error or for conclusions that are contrary to law. Having done so, the Court denies Rainbow's appeal. Upon its own review, this Court reaches the same conclusion as to the timeliness of Rainbow's Motion to Compel, based on the following reasoning.

In its objections, Rainbow insists its motion to compel should not be considered untimely because it was filed on the last day of discovery. However, simply filing a discovery motion before the close of discovery is not sufficient to establish timeliness. "A motion to compel filed on the last day of discovery, for example, may be untimely if it could and should have been filed much earlier." *RKF Retail Holdings, LLC v. Tropicana Las Vegas, Inc.*, No. 2:14–cv–01232–APG–GWF, 2017 U.S. Dist. WL 2908869, at *5 (D. Nev. July 6, 2017). Similarly, the Court may deny a discovery motion

filed on the day of the discovery deadline as untimely if filed after an extensive discovery period and close to the deadline for dispositive motions. *Grey v. Dallas Independent School District*, 265 Fed. Appx. 342, 348 (5th Cir. 2008) (per curiam) ("[W]e are not required to find that the district court abused its discretion by denying his motion to compel discovery, because it was filed on the day of the discovery deadline after an extensive discovery period.").

Here, Rainbow waited until September 17, 2022—the last day of the discovery period—to file its renewed motion to compel. (Dkts. 103, 104). But Rainbow only moved to extend the discovery period on September 6, 2022, the day after the parties' initial discovery period had ended and almost two months after its original motion to compel was denied for failure to comply with the local rules, (J. Hightower's Ord., Dkt. 94). (Mot. Ext. Disc., Dkt. 100). Rainbow's only explanation for the delay, its own inability to reach an agreement with DC Transco, is insufficient. (Objs., Dkt. 137, at 4–5). Given that Rainbow waited until the last day of discovery to file its motion, and that it has not provided an adequate explanation for its delay, the Court finds that Rainbow's motion is untimely.

## IV. CONCLUSION

Accordingly, the Court **AFFIRMS** Judge Hightower's order denying Rainbow's renewed motion to compel, (Dkt. 131), and **DENIES** Rainbow's appeal, (Dkt. 137).

**SIGNED** on December 1, 2022.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE